1  Jaburg & Wilk, P.C.
   1850 N. Central Avenue, Suite 1200
2  Phoenix, AZ 85004
   (602) 248-1000
3
   Maria Crimi Speth (#012574)
4  mcs@jaburgwilk.com

5  Attorney for Plaintiff

6  Mitchell Silberberg & Knupp LLP
   2049 Century Park East
7  Los Angeles, California  90067
   Telephone:  (310) 312-2000
8  Facsimile:  (310) 312-3100

9  Elanor M. Lackman
   *Motion for Pro Hac Vice admission*
10 *to be filed*

11

12             **UNITED STATES DISTRICT COURT**

13           **FOR THE DISTRICT OF ARIZONA**

14 Bridgestone Multimedia Group, LLC,        Case No.

15              Plaintiff,                    **COMPLAINT**

16        v.                                  **DEMAND FOR JURY TRIAL**

17 Joshua Carroll,

18              Defendant.

19

20

21        Plaintiff Bridgestone Multimedia Group, LLC ("BMG"), by and through its

22 undersigned attorneys, complains and alleges against Defendant Joshua Carroll

23 ("Defendant") as follows:

24                    **NATURE OF THE ACTION**

25        1.      This is a civil action for damages and other appropriate relief arising out of

26 Defendant's breach of its agreement with BMG to indemnify it for damages and costs

27 arising from a claim that Defendant's film violated a third party's intellectual property

28 rights.

JABURG WILK
LAW FIRM

2.     In particular, Defendant is a filmmaker and the licensor to BMG of certain motion pictures that Defendant represented and warranted would not violate or infringe any right of any third party—neither in distribution of the motion pictures nor the marketing or other exploitation thereof. To back up that representation and warranty, Defendant agreed to indemnify and hold harmless BMG—and its sub-distributors, exhibitors, and licensees—from any and all claims, demands, damages, liabilities, costs, and expenses related to a claimed breach of Defendant's representations and warranties.

3.     Despite these clear terms, Defendant has refused to pay and has otherwise refused to honor its contractual obligations. Accordingly, Defendant has no other alternative but to seek relief from this Court to be made whole.

**JURISDICTION AND VENUE**

4.     This Court has original jurisdiction over the claim pursuant to 20 because the controversy exists between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     This Court has personal jurisdiction over Defendant because he entered into agreements with a company based in the State of Arizona and under such agreements expressly submitted to the exclusive jurisdiction of the courts located in Maricopa County, Arizona.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district and/or because a substantial part of the events giving rise to this action occurred in this judicial district.

**PARTIES**

7.     Plaintiff Bridgestone Multimedia Group, LLC is a Delaware limited liability company with its principal place of business located at P.O. Box 9216, Chandler Heights, Arizona. BMG is a trusted distribution partner offering family-friendly, faith-based entertainment worldwide.

8.     Defendant Joshua Carroll is an individual residing at 316 Kristina Lynn Place, Englewood, Ohio.

24017-24017-00001\MCS\LAH\6082895v1

9.     Defendant is an independent director and filmmaker.

**FACTUAL BACKGROUND**

10.     On May 10, 2018, July 26, 2018, April 12, 2019, July 20, 2021, and April 29, 2022, BMG and Defendant entered into License and Distribution Agreements (the "Agreements") pertaining to five of Defendant's motion pictures, all of which use LEGO®-branded products as characters that are modified to appear to be figures from the Bible (the "Films").

11.     The Agreements contain standard terms and conditions that are consistent across each of the agreements for the Films.

12.     As a major distributor, BMG—like other motion picture distributors— places the risk of content claims on the licensor. Accordingly, Section 9 of the Agreements provide that Defendant represents and warrants, inter alia, that Defendant has the legal right to grant the rights in and to the Films to BMG, and that neither the Films, nor the materials pertaining thereto, nor their contents violate or infringe any right of any third party. Section 21 of the Agreements require Defendant to indemnify and hold harmless BMG, its sub-distributors, exhibitors, and licensees, its officers, directors, shareholders, agents, contractors, employees, successors, and assigns, of and from any and all claims, demands, damages, liabilities, costs, and expenses (including reasonable attorneys' fees) related to a breach or claimed breach of the Agreement.

13.     On October 4, 2023, BMG received a demand letter from Lego Group. Such letter demanded that BMG cease and desist from all sales, distribution, and advertising of the Films in light of their use of LEGO® products, and to provide an accounting of sales and profits from the Films.

14.     On October 7, 2023, BMG notified Defendant of the claim and requested indemnification pursuant to the Agreements. Defendant responded soon thereafter and stated that he wanted the relationship to terminate as a result. However, during communications that ensued in the following weeks, Defendant stated that he would not

24017-24017-00001\MCS\LAH\6082895v1

JABURG WILK
LAW FIRM

1  pay or otherwise indemnify for the early termination under the defined term of the

2  Agreements.

3      15.    On December 11, 2023, after Defendant told BMG to "take down" the

4  Films and related content from all platforms, BMG suspended the Films and otherwise

5  complied with the demands from Lego Group, and BMG notified Lego Group of the

6  same.

7      16.    The out-of-pocket cost that BMG incurred as a result of compliance with

8  the demands exceeded $75,000. The costs included those involved in destroying DVD

9  inventory, removing the Films from distribution, including buyout costs for remaining

10  fixed fee license agreements.

11      17.    Further efforts to persuade Defendant to comply with the Agreements,

12  including the offering of a payment plan over many years, have been unsuccessful.

13  Accordingly, BMG seeks an order that Defendant is obligated to comply, and to

14  indemnify and hold harmless in full.

### COUNT I

### Breach of Contract

17      18.    BMG realleges and incorporates by reference each and every allegation

18  contained in this Complaint with the same force and effect as if fully set forth at length

19  herein.

20      19.    BMG and Defendant are parties to the Agreements described above,

21  including the representations and warranties regarding intellectual property rights, and

22  the full indemnification for any claimed breach of such representations and warranties.

23      20.    BMG received a claim from an intellectual property owner that Defendant

24  had violated such owner's intellectual property rights.

25      21.    Defendant refused to challenge the claim or otherwise cover BMG's

26  injuries resulting from the claim. While BMG was under no obligation to challenge the

27  claim, the cost of doing so would have exceeded the cost of compliance.

28

24017-24017-00001\MCS\LAH\6082895v1

**JABURG WILK**
LAW FIRM

22.     Nonetheless, BMG incurred significant cost as a result of having to suspend the Films and otherwise comply with the demands. However, Defendant has not made BMG whole as required.

23.     Therefore, Defendant is in breach of the Agreements in an amount exceeding $75,000 – a number that is continuing to grow as a result of Defendant's refusal to honor his contractual obligations.

### JURY TRIAL DEMAND

BMG requests a trial by jury on all issues so triable of right pursuant to Fed. R. Civ. P. 38.

### PRAYER FOR RELIEF

WHEREFORE, BMG respectfully demands:

A.  That the Court find that Defendant breached the parties' Agreements;

B.  That the Court issue an order requiring Defendant to pay to BMG all such actual damages and costs relating to the claimed breach;

C.  That the Court award prejudgment interest on all damages awarded by this Court;

D.  That the Court award all of BMG's attorney's fees and costs pursuant to Section 16 of the Agreements and pursuant to A.R.S. § 12-341.01; and

E.  That the Court award such other and further relief as the Court deems just and proper.

**DATED** this 20th day of June, 2024.

**JABURG & WILK, P.C.**

/s/ *Maria Crimi Speth*
Maria Crimi Speth
1850 N. Central Avenue, Suite 1200
Phoenix, Arizona  85004

24017-24017-00001\MCS\LAH\6082895v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MITCHELL SILBERBERG KNUPP LLP**
2049 Century Park East
Los Angeles, California 90067

Elanor M. Lackman
*Motion for Pro Hac Vice admission to be filed*

*Attorneys for Plaintiff*

**JABURG WILK**
LAW FIRM

6