Andrew P. Connors, Esq. (VA Bar No. 80248)
*Admitted Pro Hac Vice*
Darkhorse Law PLLC
119 Tradewynd Drive, Suite B
Lynchburg, Virginia 24502
P: 800-279-4292
F: 540-301-6460
andrew@darkhorse.law

*Counsel for Defendant Joshua Carroll*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| BRIDGESTONE MULTIMEDIA GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA CARROLL,<br><br>Defendant. | ) | Case No. 2:24-cv-01488<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES |

Defendant, by counsel, hereby responds to Plaintiff's First Amended Complaint with the following Answer and Affirmative and other Defenses:

**ANSWER**

1. Paragraph 1 of the Amended Complaint is merely an introduction and generally requires no response, but to the extent it makes any factual allegations, it is denied.
2. Admit that Carroll is a filmmaker and a licensor to Bridgestone Multimedia Group, LLC ("BMG"), and he admits that there was a warranty clause and related indemnity clause in the agreements that applied strictly to the motion pictures he made, but not things outside the motion pictures themselves, like associated advertising, marketing, and branding, which were under the sole control of BMG. The remaining factual allegations in Paragraph 2 are denied.

3. Carroll admits that BMG has demanded payment from him on BMG's allegation that he breached the warranty, and that there is a clause generally giving indemnity, but Carroll denies that he has breached either clause by the motion pictures he provided or any of his actions. Carroll denies any continued use of BMG's trademarks. Therefore, Carroll denies any remaining allegations in Paragraph 3.
4. Carroll admits that the Parties are citizens of different states, but he denies that BMG has suffered any damage. Therefore, any remaining factual allegations in Paragraph 4 are denied.
5. Admitted.
6. Admitted to the extent that Carroll is subject to personal jurisdiction in this judicial district, but the remaining factual allegations are denied.
7. Carroll admits that BMG is a movie distributor that distributes family-friendly, faith-based movies, but denies the remaining allegations in Paragraph 7.
8. Carroll lives in Lynchburg, Virginia, and therefore he denies Paragraph 8.
9. Admitted.
10. Carroll admits that he signed the Agreements, that they pertain to five of Carroll's motion pictures, and that he used in his five motion pictures Lego-produced figurines modified to look like Biblical figures, but because it is unclear what "LEGO®-branded products" means in the context of his motion pictures, he denies that portion of Paragraph 10, since the figurines themselves do not say "LEGO" on them, and since whether something is "branded" may include a legal determination regarding allegedly protected LEGO trademarks and trade dress. Any remaining factual allegations in paragraph 10 are denied.

11. Carroll does not have copies of most of the Agreements, and it is unclear what "standard terms and conditions" means, therefore he is without sufficient knowledge to admit or deny the factual allegations in Paragraph 11. Therefore, he denies the allegations in Paragraph 11.
12. Carrol denies that BMG is a major distributor. Carroll is without sufficient knowledge to admit or deny BMG—like other motion picture distributors—places the risk of content claims on the licensor. The rest of the allegations in Paragraph 12 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
13. The interpretation of the Agreement is a legal question and requires no response, but to the extent there are any factual allegations, they are denied.
14. Carroll admits that the content of the Materials depict Lego-produced figurines modified to look like Biblical figures, but do not contain LEGO® branding.
15. Admitted.
16. The allegations in Paragraph 16 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
17. The interpretation of the Agreement is a legal question and requires no response, but to the extent there are any factual allegations, they are denied.
18. The interpretation of the Agreement is a legal question and requires no response, but to the extent there are any factual allegations, they are denied.
19. Carroll admits that Lego Group sent a demand letter to BMG and a separate demand letter to him, but to the extent BMG has characterized the contents of the letter it received or Lego Group's ultimate position or willingness to negotiate on any matter, Carroll denies the same. Carroll denies any remaining allegations in Paragraph 19.

20. Carroll admits that Lego Group sent a demand letter to BMG and a separate demand letter to him, but to the extent BMG has characterized the contents of the letter it received or Lego Group's ultimate position or willingness to negotiate on any matter, Carroll denies the same. Carroll denies any remaining allegations in Paragraph 20.
21. The allegations in Paragraph 21 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
22. Carroll admits that he received a letter from Lego Group on October 4, 2023, but otherwise denies BMG's characterization of those communications, and therefore denies any remaining allegations in Paragraph 22.
23. Because Carroll disagrees with BMG's characterization that it could not obtain any revenue from exploiting the Films, because Carroll repeatedly warned BMG that Lego had certainly restrictions on the use of the Lego "brand," and because BMG represented to Carroll that it had independently vetted the lawfulness of the commercial exploitation of the films in the manner that BMG had elected to exploit them, Carroll denies the allegations in Paragraph 23.
24. Denied.
25. Carroll admits that he did receive a letter from Lego Group on October 4, 2023, but otherwise denies BMG's characterization of those communications, and therefore denies any remaining allegations in Paragraph 25.
26. Carroll admits that he did receive a letter from Lego Group on October 4, 2023, but otherwise denies BMG's characterization of those communications, and therefore denies any remaining allegations in Paragraph 26.

27. Carroll admits the parties had communications arising from a letter from Lego Group, but otherwise denies BMG's characterization of those communications, and therefore denies any remaining allegations in Paragraph 27.
28. Carroll admits generally that BMG took down his films, but he is unaware of the timing, and he disputes the underlying reasons for the "take down," so therefore he denies any remaining allegations or characterizations in Paragraph 28 other than the fact that BMG took down the films.
29. Carroll is without sufficient knowledge to admit or deny the factual allegations in Paragraph 29 and therefore denies the same.
30. Carroll is without sufficient knowledge to admit or deny the factual allegations in Paragraph 30 and therefore denies the same.
31. Carroll admits generally that the parties had communications regarding BMG taking down his films, but otherwise denies BMG's characterization of those communications and factual conclusions, and therefore denies any remaining allegations in Paragraph 31.
32. Carroll is without sufficient knowledge to admit or deny the factual allegations in Paragraph 32 and therefore denies the same.
33. Carroll admits generally that BMG made offers but denies BMG's characterization of them as a "payment plan," since BMG's offers required Carroll to produce additional movies for BMG effectively without pay over the course of several years. Carroll further disagrees with BMG's characterization that he has not disputed that indemnity was triggered—he has disputed it repeatedly—or that he ratified an indemnity claim by seeking mutually agreed termination as provided for under the agreements. Carroll therefore denies any factual allegation other than the fact that BMG made offers generally.

34. Carroll's allegations in his counterclaim speak for themselves, although he notes that allegations in his counterclaim are not, by definition, slanderous since they are privileged. The allegations in Paragraph 34 otherwise constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
35. The allegations in Paragraph 35 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they too are denied.
36. Carroll incorporates by reference and realleges each of its responses to Paragraphs 1– 35 of this Complaint in answer to Paragraph 36 of the Complaint.
37. Carroll admits that he and BMG are parties to the Agreements generally, but to the extent this Paragraph makes any legal conclusions about the Agreements, or represents the specific content of the Agreements, they are denied. Any remaining factual allegations are denied.
38. Carroll is without sufficient knowledge to admit or deny what BMG received and therefore denies the same. To the extent BMG alleges that Carroll violated the 4 owner's intellectual property rights, or that BMG was not responsible for the claims made by Lego, Carroll denies those allegations. Any remaining factual allegations in Paragraph 38 are denied.
39. Carroll admits that he refused to pay BMG, but he denies that he refused to defend the claim, since BMG made no such demand. Carroll denies any remaining factual allegations in Paragraph 39.
40. Carroll is without sufficient knowledge to admit or deny the incurred cost received by BMG and therefore denies the same. The rest of the allegations in Paragraph 40 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.

41. The allegations in Paragraph 41 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
42. The allegations in Paragraph 42 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
43. Carroll incorporates by reference and realleges each of its responses to Paragraphs 1– 42 of this Complaint in answer to Paragraph 43 of the Complaint.
44. The YouTube video depicted in Paragraph 44 is a trailer that Carroll produced and distributed approximately five years ago, when the relationship between the parties was good, and which accurately depicts BMG as the distributor of the underlying film for which the video served as a trailer, and therefore the allegations in paragraph 44 are, at best, misleading, and, at worst, intentionally deceptive. Carroll therefore admits to the use of the BMG logo as described in this answer but denies BMG's representation of the use in Paragraph 44.
45. Because at least an implied license existed at the time that Carroll used the name and logo in the manner he had used it, and because Carroll immediately complied with a demand from BMG to remove the logo after their relationship had soured, Carroll denies that he was not authorized to use BMG's name and logo. Carroll is without sufficient knowledge as to whether BMG name and logo serve as a source identifier, and therefore he denies the same. Carroll denies any remaining allegations in Paragraph 45.
46. The allegations in Paragraph 46 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
47. The allegations in Paragraph 47 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.

48. The allegations in Paragraph 48 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
49. Carroll notes that he immediately complied with a recent demand from Bridgestone to remove its name and logo from the YouTube video complained of, and therefore the issue is moot and injunctive relief is improper. Nevertheless, the allegations in Paragraph 49 constitute legal conclusions and require no response, but to the extent there are any factual allegations, they are denied.
50. Carroll denies Plaintiff is entitled to any of the relief set forth in the Prayer for Relief.
51. To the extent Carroll has failed to deny any factual allegation in the Amended Complaint, such allegation is denied.

**AFFIRMATIVE AND OTHER DEFENSES**

52. Any use of the Lego figurine in the motion pictures, to the extent the figurine embodies any protectable trade dress or is validly protected by copyright, is not an infringement or is otherwise lawful under the first sale doctrine in both trademark and copyright law.
53. Any use of the Lego figurine in the motion pictures, to the extent the figure is validly protected by copyright (if at all), is not a copyright infringement because it is a fair use of the figurine, representing a transformative use in an educational, religious motion picture directed at children to teach them Bible stories.
54. Any use of the Lego figurine in the motion pictures, to the extent the figurine embodies any protectable trade dress (if any at all), use of the trade dress was a nominative fair use, a descriptive use, an expressive use, or otherwise a non-trademark use or legally permissible use, insofar as the motion pictures used only the Lego figurine, dressed to look like Biblical figures, and to tell a Biblical story accessible to children.

55. Based on the intellectual property doctrines described above, Carroll did not breach the warranty.

56. Carroll actively and repeatedly warned BMG that the contents of the motion pictures might give rise to a demand or potential claim from Lego, and in response BMG assured Carroll that its lawyers believed there was no issue, BMG continued to carry the motion pictures, and BMG continued to contract with Carroll to make additional motion pictures after these warnings; accordingly, Carroll has no liability to BMG for indemnity because any damages BMG allegedly suffered was as a result of its own actions and its own negligence.

57. BMG otherwise induced Carroll into any allegedly infringing/breaching conduct by assuring Carroll that its lawyer had "signed off" on the distribution of the Films.

58. Carroll also repeatedly warned BMG that Lego may take issue with the way that BMG marketed, advertised, and branded the motion pictures. These things were the obligations of BMG under the Agreements and entirely within its control. It was these branding decisions—like using the LEGO® brand name as the title of the motion pictures and in other branding, marketing, and advertising—that led to the Lego demand letter. Accordingly, because the Lego demand was the result of BMG's own actions and its own negligence, Carroll has no liability to BMG.

59. Carroll did not breach the Agreements because BMG failed to invoke the indemnity clause, or BMG otherwise engaged in a material breach preceding Carroll's obligation to perform.

60. At least some of the Agreements were entered into when Carroll was a minor, and are therefore voidable, allowing Carroll to disaffirm such agreements.

61. The Agreements are unconscionable and are therefore unenforceable.

62. Carroll had an implied license that permitted the conduct alleged in Count 2, and he immediately complied with BMG's demand to stop using its name and logo on October 14, 2024, which served as a withdrawal of the implied license. Accordingly, Carroll's use of BMG's name and logo was at all times lawful.

63. With respect to Count 2, the doctrine of laches applies because BMG knew or should have known about Carroll's use of its name and logo in publicly available video trailers at least as early as June 12, 2019 and took no action, thereby engaging in unreasonable delay to enforce the trademark rights it purports to have and prejudicing the defendant.

64. The statute of limitations applies to Count 2 because the claim accrued at least as early as June 12, 2019, yet BMG did not bring its claim until November 4, 2024. The applicable statute of limitations to a trademark action arising in Arizona is three years, and therefore BMG is well-beyond the statute of limitations. *See Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.,* 603 F.3d 1133, 1140 (9th Cir. 2010) (holding that "Arizona's three-year statute of limitations for fraud applies to Lanham Act claims.").

65. Carroll reserves the right to raise additional defenses as discovery or the litigation dictates.

**DEMAND FOR ATTORNEY'S FEES**

66. The Agreements contain a clause providing for the recovery of costs and attorneys' fees by the prevailing party, and therefore Carroll respectfully requests that the Court award him all costs and attorneys' fees he incurs in this suit.

67. Carroll is additionally entitled to costs and attorneys' fees under 15 U.S.C. § 1117(a) because BMG's allegations under the Lanham Act are patently unreasonable, in that they complain of a proper use of BMG's name and logo, beginning on June 19, 2019, on a video trailer for a film for which BMG was the distributor and at a time when the relationship was good

between the parties. Accordingly, Carroll had at least an implied license to engage in this conduct. Moreover, Carroll immediately complied with BMG's demand on October 14, 2024 to remove the name and logo. In any event, the claim itself is beyond the statute of limitations. For these reasons and others, the claim represents an "exceptional case" entitling BMG to costs and attorneys' fees under 15 U.S.C. § 1117(a).

Accordingly, Defendant, Joshua Carroll, respectfully requests that this Court dismiss this case, award him all costs, including attorneys' fees, and provide him all other relief the Court deems just and proper.

Dated: November 25, 2024

Respectfully submitted,
BY COUNSEL

/Andrew P. Connors/
Andrew P. Connors, Esq. (VA Bar No. 80248)
*Admitted Pro Hac Vice*
Darkhorse Law PLLC
119 Tradewynd Drive, Suite B
Lynchburg, Virginia 24502
P: 800-279-4292
F: 540-301-6460
andrew@darkhorse.law

*Counsel for Defendant/Counter-claim Plaintiff*
*Joshua Carroll*

CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served the foregoing on the following counsel of record who are CM/ECF participants:

Maria Crimi Speth, Esq.
Jaburg & Wilk, P.C.
1850 N. Central Avenue
Suite 1200
Phoenix, AZ 85004
Phone: (602) 248-1000
mcs@jaburgwilk.com

Elanor M. Lackman
Mitchell Silberberg & Knupp, LLP
437 Madison Avenue
25th Floor
New York, NY 10022
Phone: (212) 878-4890
eml@msk.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiff Bridgestone Multimedia Group, LLC*

/Andrew P. Connors/
Andrew P. Connors, Esq. (VA Bar No. 80248)
*Admitted Pro Hac Vice*
Darkhorse Law PLLC
Phone: 800-279-4292
Fax: 540-301-6460

*Counsel for Defendant/Counterclaim-Plaintiff Joshua Carroll*